**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

CHENGXUE SUN, individually and on behalf of all
others similarly situated,

                                Plaintiff,

       -against-

NEW G NAILS & SPA INC, d/b/a G NAILS & SPA,
MINGDA LIU, a/k/a Ming Da Liu, LINGYAN GAO,
a/k/a Ling Yan Gao

                              Defendants.
-------------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**

22-CV-5523 (NRM) (ST)

**TISCIONE, United States Magistrate Judge:**


## INTRODUCTION

Chengxue Sun ("Plaintiff"), in her individual capacity and on behalf of others similarly

situated, commenced this action against New G Nails & Spa Inc, Mingda Liu, and Lingyan Gao

(collectively, "Defendants") on September 15, 2022.  Plaintiff alleges Defendants violated the

Fair Labor Standards Act of 1938 ("FLSA") as amended, 29 U.S.C. § 201, *et seq.*, as well as

multiple sections of the New York Labor Law ("NYLL") by failing to pay employees the

minimum wage and overtime premiums required under both statutes, and by failing to pay

spread of hours compensation, failing to maintain required records, and failing to provide wage

notices and statements, which are prohibited acts under the NYLL.  Before the Court is

Plaintiff's motion for conditional certification of this case as a collective action under the FLSA,

authorization to send the proposed notices to a group of employees of the Defendants, equitable

tolling of the statute of limitations on the collective members' claims, pre-certification discovery

relating to FRCP Rule 23, and leave to amend the complaint. For the following reasons, I recommend Plaintiffs' motion be GRANTED, in part, and DENIED, in part.

## BACKGROUND

Plaintiff is a former employee of New G Nails & Spa Inc, d/b/a G Nails & Spa, which is owned by Mingda Liu and managed on a day-to-day basis by Lingyan Gao. Compl. at ¶¶ 12, 21, 37. Plaintiff was employed by Defendants from January 2017 to March 16, 2020, and again from approximately June 2020 to August 13, 2022. *Id* at ¶ 37.

Plaintiff asserts that while employed by Defendants she regularly worked five days a week. *Id* at ¶ 38. During her first period of employment from January 2017 to March 16, 2020, Plaintiff alleges she regularly worked ten hours per day with no break for a total of fifty hours per week. *Id* at ¶ 39. During her second term of employment, Plaintiff asserts she regularly worked forty-seven and a half hours per week. *Id* at ¶ 41. During summers, she alleges she would need to stay an additional fifteen minutes each day amounting to an additional one and one-quarter hours each week. *Id* at ¶ 40, 42.

Plaintiff alleges she was paid a daily rate starting at $65 per day and increasing to $120 per day by the time she left Defendant's employment. *Id* at ¶¶ 46-49.

Plaintiff filed this suit individually and on behalf of those similarly situated on September 15, 2022. ECF No. 1. She alleges failure to pay overtime and failure to pay minimum wage in violation of the FLSA as well as several NYLL violations. Compl. at ¶¶ 74-117, ECF No. 1. Plaintiff now moves to certify this action as a FLSA collective action in order to allow additional, similarly situated plaintiffs to join the action. Pl. Motion, ECF No. 19.

**LEGAL STANDARD**

Under the FLSA, an employee may sue on behalf of herself and other employees who are "similarly situated." 29 U.S.C. § 216(b). Those "similarly situated" employees may opt-in to a collective action brought under the FLSA, and therefore become plaintiffs, by filing a written consent form. *Varghese v. JP Morgan Chase & Co.*, No. 14-CV-1718 (PGG), 2016 WL 4718413, at *5 (S.D.N.Y. Sept. 9, 2016); *see* 29 U.S.C. § 216(b).

The conditional certification of an FLSA collective action is a discretionary exercise of the court's authority; it is useful as a case management tool, facilitating the dissemination of notice to potential class members. *Myers v. Hertz Corp.*, 624 F.3d 537, 555 n.10 (2d Cir. 2010) (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169, 174 (1989)). Because it is discretionary, a motion for conditional certification involves a "far more lenient" standard than a motion for class certification under Rule 23 of the Federal Rules of Civil Procedure. *Feng v. Soy Sauce LLC*, No. 15-CV-3058 (ENV) (LB), 2016 WL 1070813, at *2 (E.D.N.Y. Mar. 14, 2016).

Courts in the Second Circuit apply a two-step process to determine whether an action should be certified as an FLSA collective action. *Myers*, 624 F.3d at 554–55. In the first step, the one we are asked to engage in here, the Court looks at the pleadings, affidavits, and declarations to determine whether the Plaintiff and potential opt-in plaintiffs are sufficiently "similarly situated" to issue notice and allow the case to proceed as a collective action through discovery. *Id.* at 555.

The first step requires only a "modest factual showing" that the Plaintiff and potential opt-in plaintiffs "together were victims of a common policy or plan that violated the law." *Id.* (internal quotation marks and citations omitted). The standard of proof is low "because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact

3

exist." *Id.* (emphasis in original).  Participants in a potential collective action need not have held identical jobs or been subject to identical treatment; rather, conditional certification is appropriate where all putative class members are employees of the same enterprise and allege the same types of FLSA violations. *See Lin v. Benihana Nat'l Corp.*, 275 F.R.D. 165, 173 (S.D.N.Y. 2011).

If the Plaintiff satisfies this first step and is granted conditional certification, the Court will later, on a fuller record, determine whether the actual opt-in plaintiffs are in fact "similarly situated" to the named Plaintiff. *Myers*, 624 F.3d at 555.  If the record reveals that the opt-in plaintiffs are not, then the Court may decertify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice.  *Id.*

Despite the "low burden" at the first stage, a "plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice." *Reyes v. Nidaja*, LLC, No. 14-CV-9812, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015).  "Declarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Id.*; *see also Myers*, 624 F.3d at 555.

An affidavit from the Plaintiff may provide the "modest factual showing" necessary to sustain approval of conditional certification.  Many courts, including this one, have found that allegations in the pleadings and the "personal observations of one plaintiff's affidavit" are "sufficient to make the modest factual showing necessary to conditionally certify [a] class." *Hernandez v. NGM Mgmt. Grp. LLC,* No. 12-CV-7795, 2013 WL 5303766, 2013 U.S. Dist. LEXIS 134922 at *3 (S.D.N.Y. Sept. 20, 2013) (collecting cases).

However, courts in this circuit have consistently held that "where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587 at *2. This is to avoid conclusory allegations of a common plan or scheme, which are "impossible for a court to test or for Defendants to attempt to refute." *Huer Huang v. Shanghai City Corp.*, No. 19-CV-7702, 2020 U.S. Dist. LEXIS 193074 at *31 (S.D.N.Y. Oct. 19, 2020). Courts have found a plaintiff fails even the minimal standard of conditional FLSA certification where allegations of factual nexus and common plan or scheme are unspecific. *See Khan v. Airport Mgmt. Servs.*, No. 10-CV-7735, 2011 WL 5597371, 2011 U.S. Dist. LEXIS 133134 at *3 (S.D.N.Y. Nov. 16, 2011).

In *Shibetti v. Z. Rest., Diner & Lounge, Inc.*, this Court found the Plaintiffs did not meet the conditional certification standard where they alleged only that they "observed the [Defendant] treating other employees the same way" but did not "provide any names, dates, or circumstances to give a factual basis for their statements." *Shibetti v. Z. Rest., Diner & Lounge, Inc.,* 2019 WL 11623937, 2019 U.S. Dist. LEXIS 150715 at *11 (E.D.N.Y. Sept. 3, 2019). In that case, that Plaintiffs did not "offer '*any* detail as to a *single* such observation'…[they did not] state that they talked with similarly-situated persons…[or] provide any affidavits or declarations from potential class members." *Id.* at *11-12 (emphasis in original) (*quoting Sanchez v. JMP Ventures, LLC,* 18-CV-7264, 2014 WL 465542, 2014 U.S. Dist. LEXIS 14980 (S.D.N.Y. Jan. 27, 2014)).

**DISCUSSION**

**I.    Conditional Certification Should Be Granted**

I recommend the Court grant Plaintiff's motion because Plaintiff has made a "modest factual showing" that she and potential opt-in plaintiffs were subject to "a common policy or plan that violated the law." *Myers*, 624 F.3d at 555.

Plaintiff has alleged specific facts with regards to their individual claims: Plaintiff asserts that she regularly worked between 47.5 and 50 hours each week, often times with no breaks. Pl. Aff. at ¶¶ 5-7, ECF No. 19-10. She was paid a flat rate for each day of work ranging between $65-$120 over the course of her employment but at no time was paid for overtime hours and was never provided with a notice of her hourly wages. *Id* at ¶¶ 11-18. However, to be granted conditional certification, Plaintiffs must allege some actual evidence of a factual nexus between themselves and the collection of individuals they seek to represent. *Reyes,* 2015 WL 4622587, at *2.

Plaintiff bases her allegations on her affidavit.  District Courts in the Second Circuit may grant conditional certification based on Plaintiff affidavits alone. *See Sharma v. Burberry Ltd.,* 52 F. Supp 3d 443, 459 (E.D.N.Y. 2014) (*citing Fang v. Zhuang,* No. 10-CV-1290, 2010 WL 5261197, 2010 U.S. Dist. LEXIS 133618, at *7-8 (E.D.N.Y. Dec. 1, 2010) ("Although Plaintiff only corroborates his allegations with his own affidavit, courts in this circuit have found this adequate for conditional certification"); *Iriarte v. Redwood Deli & Catering, Inc.*, No. 07-CV-5062, 2008 WL 2622929, 2008 U.S. Dist. LEXIS 50072, at *3 (E.D.N.Y. June 30, 2008) (granting certification on basis of Plaintiff's one affidavit); *Gjurovich v. Emmanuel's Marketplace, Inc.,* 282 F. Supp. 2d 101, 107 (S.D.N.Y. 2003) (determining the Plaintiff sufficiently alleged Defendant's common policy or plan to fail to pay overtime wages because Plaintiff made substantial allegations in his complaint and sworn declaration). Those allegations may not be "conclusory," but must include "some actual evidence" of a common practice by

6

Defendants. *Reyes,* 2015 WL 4622587, at *2.  Courts require this to avoid fishing expeditions by plaintiffs without real evidence of a common practice and to avoid "allegations of a common plan or scheme, which are impossible for a court to test or for Defendants to attempt to refute." *Huer Huang*, 2020 U.S. Dist. LEXIS 193074 at *31.

Plaintiff's affidavit provides sufficient factual support to grant conditional certification. Plaintiff names eight current or former employees of Defendant she alleges are similarly situated to herself and details conversations she had with each potential plaintiff. To satisfy the standard, Plaintiffs must "provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587 at *2.  Here, Plaintiff has alleged that in those conversations she was told, in many instances by the named individuals themselves, that her co-workers worked more than 40 hours without overtime pay. Pl. Aff. at ¶¶ 38-40, 48-50, 57-59, 66-68, 74-75, 81-83,89, 95, ECF No. 19-10. Plaintiff's specific, first-hand knowledge of her co-workers' schedules and pay, combined with the names of the co-workers who told her they were subjected to the same practices comprises the required "minimum level of detail" to support conditional certification.

Indeed, allegations very similar to the ones present here have supported conditional certification in this court previously.  In *Li Ni v. Red Tiger Dumpling House Inc.*, conditional certification was granted where Plaintiff's only evidence presented was his allegations as to his individual experience and allegations in his affidavit that he knew his other named co-workers were similarly situated because he "regularly observed and spoke with [his] co-workers about [their] wages and work." *Li Ni v. Red Tiger Dumpling House, Inc.,* No. 19-CV-3269, 2020 WL 7078533, 2020 U.S. Dist. LEXIS 226539, at *6 (E.D.N.Y. Nov. 30, 2020).  In *Garriga v. Blonder Builders, Inc.*, the two Plaintiffs, in addition to their own allegations as to their

7

individual circumstances, alleged in their affidavits that certain named co-workers had told them in numerous discussions that they were subject to the same payment practices. *Garriga v. Blonder Builders, Inc.,* No. 17-CV-497, 2018 U.S. Dist. LEXIS 171887 at *12 (E.D.N.Y. Sept. 28, 2018). Conditional certification was granted in that case. In *Enriquez v. Cherry Hill Mkt. Corp.*, the Plaintiff and a potential opt-in plaintiff submitted affidavits recounting their individual experiences and attesting to "conversations with co-workers who complained about not receiving overtime…" *Enriquez v. Cherry Hill Mkt. Corp.*, No. 10-CV-5616, 2012 WL 440691, 2012 U.S. Dist. LEXIS 17036, at *5 (E.D.N.Y. Feb. 10, 2012). This Court said then, "That is all that is required to warrant conditional certification." *Id.*

Defendants argue in response that the individuals listed in Plaintiff's declaration are not similarly situated due to a difference in worker classification. Def. Br. at 4, ECF No. 20. Plaintiff worked as Xiao Gong, meaning "Small Work" while the majority of Plaintiff's coworkers are classified as Dagong, meaning "Big Work." *Id*. The classifications are determined by the employees' level of skill with nail services and Big Work employees are "generally paid at a daily rate $30 higher than other nail workers." *Id*. Ultimately, this distinction is unpersuasive. As previously stated, "participants in a potential collective action need not have held identical jobs or been subject to identical treatment; rather, conditional certification is appropriate where all putative class members are employees of the same enterprise and allege the same types of FLSA violations." *See Lin*, 275 F.R.D. at 173. Defendants' classification system does nothing to address the allegations that Defendants subjected their employees to a common scheme of FLSA violations. Regardless of the higher rate of pay between the two worker classes, Plaintiff has sufficiently shown under the relevant standard that her and her co-workers were required to work

more than 40 hours per week and were not paid overtime for those hours. Pl. Aff. at ¶¶ 38-40, 48-50, 57-59, 66-68, 74-75, 81-83,89, 95, ECF No. 19-10.

None of the above is an assessment of the merits of Plaintiffs' claims.  Defendant may yet show, on a fuller record, that the other members of Plaintiff's proposed collective group are not similarly situated.  However, at this stage, the Court is not to "resolve factual disputes, decide substantive issues going to the merits, or make credibility determinations." *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 665 (S.D.N.Y. 2013).  We presume at this stage that the affidavit, made under penalty of perjury, is true and merely assess, based on it and the complaint, whether Plaintiff has pushed the allegations beyond conclusory and met the low burden for conditional certification.  Here, I believe Plaintiff has done so.  In step two of the certification process in an FLSA action, should the Court find that potential opt-in plaintiffs are not in fact similarly situated to Plaintiffs, on a fuller record, then the Court may decertify the collective action and the opt-in plaintiffs' claims could be dismissed without prejudice. *Myers*, 624 F.3d at 555.

## II.    The Collective Conditionally Certified Should Include All Non-Managerial Employees.

Plaintiffs argue that the collective should include all non-managerial employees, both those classified as "Small Work," like Plaintiff, as well as "Big Work" employees. Pl. Br. at 12, ECF No. 19-12. Defendants argue that, should the Court conditionally certify a collective, that collective should include only include Small Work employees like Plaintiff. Def. Opp. Br. at 6, ECF No. 20. The crux of Defendants' argument is Plaintiff has not alleged she worked as a Big Work employee and, therefore, cannot allege Big Work employees were treated the same as they were. *Id.*  I recommend the Court find for the Plaintiffs.

"A court may conditionally certify a collective action pursuant to FLSA § 2 where the plaintiff makes a 'modest factual showing' that they and potential opt-in plaintiffs 'together were

victims of a common policy or plan that violated the law.'" *Becerra v. IM LLC-I,* No. 14-CV-2671, 2016 U.S. Dist. LEXIS 21090, at *9 (E.D.N.Y. Feb. 20, 2016) (*quoting Myers,* 624 F.3d at 555). "Courts will conditionally certify collectives of individuals with various occupations, hours, and pay rates where a common unlawful policy is shown." *Zeledon v. Dimi Gyro LLC,* No. 15-CV-7301, 2016 U.S. Dist. LEXIS 150526, at *35 (S.D.N.Y. Oct. 13, 2016) (collecting cases). The definition of the conditional collective does not turn on whether Plaintiff held the job at issue, but whether she has made a modest factual showing that Big Work employees of Defendants were subject to the same policy or plan they were subject to.

Plaintiff has plainly met this burden. Plaintiff admits to the different worker classifications in her affidavit but goes on to explain that regardless of classification, employees of Defendant were routinely required to work over 40 hours per week but were not paid overtime for those hours. Pl. Aff. At ¶¶ 35, 38-40, 48-50, 57-59, 66-68, 74-75, 81-83,89, 95, ECF No. 19-10. Just as these assertions are a sufficient showing to certify a collective action, the assertions are sufficient to show that the collection should include both Small Work and Big Work employees. As a result, at this stage, I recommend that the collective include all non-managerial employees.

### III.    Equitable Tolling Issues

Plaintiff seeks a three-year notice period keyed to the date the complaint was filed as well as equitable tolling of the statute of limitations for the time this motion was being briefed and pending before the Court until the expiration of the opt-in period. *See* Pl. Br. at 22-24, 29, ECF No. 19-12; Pl. Reply Br. at 6, ECF No. 21. Defendants raise no objection to the three-year notice period but do object to tolling request, arguing plaintiff's timeliness should instead be calculated from the date the collective action was certified and that "there are no allegations of wrongdoing

on the part of Defendants that would justify the extraordinary measure of tolling the statute of limitations in this case". Def. Opp. Br. at 5, ECF No. 20.

The first question is whether a three-year notice period is appropriate.  The notice period is generally governed by the statute of limitations for the violations alleged in order to avoid sending notice to individuals whose claims will be time-barred.  "At the conditional certification stage, allegations of willful conduct are sufficient to apply the three-year statute of limitations for purposes of certifying the class." *Jie Zhang v. Wen Mei, Inc., No.* 14-CV-1647, 2015 WL 6442545, 2015 U.S. Dist. LEXIS 144527, at *5 (E.D.N.Y. Oct. 23, 2015) (collecting cases). Plaintiffs here have alleged willfulness in their complaint, and neither party disputes the three-year notice period at this stage.

Next is to determine whether the notice period should be keyed to the date the complaint was filed or the date of certification. In FLSA cases, to calculate the statute of limitations period, courts generally begin counting back from the date of the conditional certification order because the statute of limitations on FLSA claims runs until a plaintiff consents to join the action. *See* 29 U.S.C. §256; *Garriga*, 2018 U.S. Dist. LEXIS 171887 at *20 (*citing Ritz v. Mike Rory Corp.*, No. 12-CV-367, 2013 WL 1799974, 2013 U.S. Dist. LEXIS 67840, at *3 (E.D.N.Y. April 29, 2013).  Sometimes, the Court will grant equitable tolling, allowing for the statute of limitations on potential claims to be stayed while certain aspects of the litigation are pending.  In deciding whether to apply equitable tolling, "a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted).  A delay "caused by the time

required for a court to rule on a motion, such as one for certification of a collective action in a

FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the

equitable tolling doctrine." *Yahraes v. Restaurant Associates Events Corp., et. al.*, No. 10-CV-

935, 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (collecting cases) (internal brackets

omitted).

However, whether Plaintiffs meet the standard for equitable tolling is a fact-specific

inquiry, and so courts "frequently permit notice to be keyed to the…period prior to the filing of

the complaint, with the understanding that challenges to the timeliness of individual plaintiffs'

actions will be entertained at a later date." *Winfield v. Citibank, N.A.,* 843 F. Supp. 2d 397, 410

(S.D.N.Y. 2012) (*quoting in part Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d

445, 451 (S.D.N.Y. 2011)).

Here, Plaintiffs have requested the notice period be tied to the date the complaint was

filed and equitable tolling of the statute of limitations while this motion was briefed, pending,

and until the end of the opt-in period. Pl. Br., 22, ECF No. 19-12.  I fail to see what more

Plaintiffs could have done to act with reasonable diligence during the time it has taken this Court

to rule on their conditional certification motion, nor do I see any reason to penalize Plaintiffs and

potential opt-in plaintiffs for this Court's heavy caseload.  Therefore, I recommend the Court

grant Plaintiff's motion for equitable tolling, with the understanding that challenges to the

timeliness of individual opt-in plaintiffs' actions will be entertained at a later date.

## IV.    Dissemination of the Notice

### a.  *Plaintiff may Disseminate Notice Via Mail, Email, Text Message, or Social Media in English and Mandarin Chinese.*

Plaintiff requests authorization to disseminate notice via "mail, email, text message, or

social medial group and individual chat and posts."  Pl. Br. at 22, ECF No. 19-12. "Courts in the

Second Circuit have permitted dissemination of notice by mail, email, and text message 'where, as here, the nature of the employer's business facilitated high turnover rate among employees.'" *Chui v. Am. Yuexianggui of LI LLC*, CV 18-5091 (SJF) (AKT), 2020 WL3618892, at *20 (E.D.N.Y. July 2, 2020) (quoting *Vasto v. Credico (USA) LLC*, No. 15-CV-9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016)). A Plaintiff may "deviate from the traditional methods [of mail, email, and text message] generally accepted by courts sitting in this Circuit for disseminating notice to the putative collective members" where Plaintiff provides "justification" to do so. *Aleman-Valdivia v. Top Dog Plumbing & Heating Corp.*, No. 20-CV-421, 2021 WL 4502479, 2021 U.S. Dist. LEXIS 189132 at *30 (E.D.N.Y. Sept. 30, 2021) (quoting *Chui v. Am. Yuexianggui of Li LLC*, No. 18-CV-5091, 2020 WL 3618892, 2020 U.S. Dist. LEXIS 117296, at *10 (E.D.N.Y. July 2, 2020)). Plaintiff must provide justification as to why social media chat might reach some plaintiffs who would not be reached by text message or email. *Panora v. Deenora Corp.*, No. 19-CV-7267, 2020 WL 7246439, 2020 U.S. Dist. LEXIS 230967, at *5 (E.D.N.Y. Dec. 9, 2020). Plaintiff has provided justification here to use social media, stating "WeChat and WhatsApp are utilized heavily by Chinese-American immigrant workers and Hispanic-American immigrant workers (to whom the predominant majority of the putative FLSA Collective belongs)." See Pl. Br., 19, ECF No. 19-12. Because these social media apps are more likely to be used by groups to which members of the collective are likely to belong, I recommend the Court approve notification via social media apps as well as via mail, email, and text message.

Plaintiff also requests authorization to disseminate the notice in all relevant languages, further explaining those languages are English and Mandarin Chinese. Pl. Br. at 24-25, ECF No. 19-12. Defendants seem to object to the use of the phrase "all relevant languages" but accepts that both English and Mandarin Chinese are relevant languages spoken by their employees. Def.

Opp. Br. at 7, ECF No. 20. Thus, there appears to be no actual issue as to what languages the notices should be provided in. I therefore recommend Plaintiff be authorized to disseminate notices in both English and Mandarin Chinese.

   b. *Plaintiff may Post the Notice in a Conspicuous, Non-Public Area of the Defendant's Salon.*

Plaintiff also wishes to disseminate the notice and consent to join forms by posting them in a conspicuous non-public common area location in the salon. Pl. Br. at 21, ECF No. 19-12. Defendants offer no opposition to that request, and the weight of case law in the Eastern District seems to favor posting notice, even where the notice is also mailed, and Plaintiffs have not alleged a special need for it. *See Cabrera v. Stephens*, No. 16-CV-3234, 2017 WL 4326511, 2017 U.S. Dist. LEXIS 160044, at *8 (E.D.N.Y. Sept. 28, 2017) ("Courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail"); *Dilonez v. Fox Linen Serv.*, 35 F. Supp. 3d 247, 257 (E.D.N.Y. 2014) ("Posting notice at the place of business is common and 'courts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail'" (*quoting Rosario v. Valentine Ave. Disc. Store, Co., Inc.,* 828 F. Supp. 2d 508, 521 (E.D.N.Y. 2011))); *Xiao Ling Chen v. XpressSpa at Term. 4 JFK, LLC,* No. 14-CV-1347, 2016 U.S. Dist. LEXIS 20003 (E.D.N.Y. Feb. 16, 2016) ("The posting of a notice is a common requirement). As such, I recommend the Court order Defendants to post the court-approved notice and consent forms in a conspicuous non-public common area.

   c. *Production of Employee Contact Information for Purposes of Disseminating Notice.*

14

To effectuate this notice, I recommend that the Court order Defendants to turn over to Plaintiffs a list in Microsoft Excel format containing the names, last known addresses, phone numbers, WhatsApp, WeChat and/or Facebook usernames, and dates of employments of all individuals currently or formerly employed by Defendants. Ordering production of addresses, telephone numbers, email addresses, and other contact information is customarily approved in the Second Circuit. *See Tanski v. AvalonBay Cmtys., Inc.*, No. 15-CV-6260, 2017 U.S. Dist. LEXIS 112506 at *50 (E.D.N.Y. Mar. 31, 2017) ("In general, it is appropriate for courts in collective actions to order the discovery of names, addresses, telephone numbers, email addresses, and dates of employment of potential collective action members.") (*quoting Velasquez v. Digital Page, Inc.*, No. 11-CV-3892, 2014 WL 2048425, 2014 U.S. Dist. LEXIS 68538, at *15 (E.D.N.Y. May 19, 2014) (*citing Puglisi v. TD Bank, N.A.*, No. 13-CV-637, 998 F. Supp. 2d 95, 102 (E.D.N.Y. 2014); *Rosario v. Valentine Ave. Disc. Store, Co.*, 828 F. Supp. 2d 508, 522 (E.D.N.Y. 2011); *In re Penthouse Executive Club Comp. Litig.,* No. 10-CV-1145, 2010 WL 4340255, 2010 U.S. Dist. LEXIS 114743, at *5-6 (S.D.N.Y. Oct. 26, 2010))).

Though social media is a newer means of contact, many courts that have considered the question have found Defendants should turn over social media contact information where they have it if contact via social media chat has been approved by the Court. See Quiang Lu v. Purple Sushi Inc., 447 F. Supp. 3d 89, 97 (S.D.N.Y. 2020) (ordering the production of social media information); Ting Qiu Qiu v. Shanghai Cuisine, Inc., No. 18-CV-5448, 2019 WL 6002371, 2019 U.S. Dist. LEXIS 198794, at *4 (S.D.N.Y. Nov. 14, 2019) (ordering the production of WhatsApp, WeChat ID and/or Facebook usernames); Jian Wu v. Sushi Nomado of Manhattan, Inc., No. 17-CV-04661, 2019 WL 3759126, 2019 U.S. Dist. LEXIS 127895, at *12 (S.D.N.Y. July 25, 2019) (ordering the production of last known WhatsApp, WeChat, and/or Facebook

usernames); Lujun Geng v. Shu Han Ju Rest. II Corp., No. 18-cv-12220, 2019 U.S. Dist. LEXIS 154246, at *62 (S.D.N.Y. Sept. 6, 2019) (ordering the production of last known WhatsApp, WeChat and/or Facebook usernames). Because I have recommended authorizing contact via social media above, I further recommend that Defendants be instructed to produce social media information for their employees to the extent such information is available.

Defendants object to this request, stating that "New G Nails did not maintain an Excel data file . . .. If required, Defendants can only provide employee contact information in the manner in which it exists." Def. Br. at 5, ECF No. 20. Yet, Defendants also state that "Defendants have employed only 10 employees ever since its incorporation." *Id* at 8. The Court is unable to determine why Defendants appear to be unable to create such an excel file since the apparent burden of transferring the information of ten employees from paper records into an excel file appears to be quite low. Defendants fail to otherwise explain why such a file could not be created. Therefore, I recommend the Court order Defendants to turn over a list, in electronic format, of the last known mailing address, phone number, email address, WhatsApp, WeChat, and/or Facebook usernames, and the work location and dates of employment of employees who worked for the Defendants. Such a list should furthermore be turned over within fourteen days of adoption of this Report and Recommendations, should it be so adopted.

### d. *Opt-In Window for Potential Plaintiffs in Collective Action.*

Plaintiff requests a 90-day opt in window for potential plaintiffs while Defendants seek a 60-day period. Pl. Br. at 23, ECF No. 19-12; Def. Opp. Br. at 8, ECF No. 20. While a 60-day opt-in period is the standard for FLSA actions, 90-day periods are also common. *See Cortes v. New Creators, Inc.*, No. 15-CV-5680, 2015 WL 7076009, at *6 (S.D.N.ZY. Nov. 12, 2015); *Cohan v. Columbia Sussex Management, LLC,* No. 12-CV-3203, 2013 WL 8367807, at *12

(E.D.N.Y. Sept. 19, 2013). Plaintiff seeks a 90-day opt-in period as a number of the potential

plaintiffs are foreign born and may be delayed by foreign travel. Pl. Br. at 23, ECF No. 19-12.

Defendants fail to meaningfully respond to this argument and instead merely assert that Plaintiff

has not "demonstrate[ed] special circumstances that would warrant more than the standard 60-

day opt-in period.". Def. Opp. Br. at 8, ECF No. 20. Furthermore, the declaration of Defendant

Mingda Liu submitted with Defendant's briefing confirms Plaintiff's concerns as two employees

who are potential opt-in plaintiffs are believed to have returned to China. Liu Decl. at ¶ 7, ECF

No. 20-1. Thus, I find a 90-day opt-in period to be warranted in this case.

Plaintiff also requests authorization to issue a reminder notice 45 days into the opt-in

period. Pl. Br. at 27, ECF No. 19-12. Defendants do not object. I therefore recommend that

Plaintiff be authorized to issue the reminder notice as requested.

> e. *Defendant's Request to Pre-Review All Notices Prior to Sending Should Be Granted due to Plaintiff's Counsel's History of Changing Court-Approved Notices.*

Defendants seek the right to receive copies of any and all "notices, publications and/or

social media communications at least 3 business days prior to mailing, sending, and/or

publishing to potential class members." Def. Opp. Br. at 7, ECF No. 20. Defendants make this

request in order to confirm that Plaintiff's communications conform to this Court's orders.

Plaintiffs object to such a requirement. Defendants do not point to any authority supporting this

request; however, Plaintiff's counsel's previous conduct leads me to conclude such a

requirement is necessary here.

As discussed in further detail below, Plaintiff's counsel has previously been sanctioned in

this District for altering FLSA collective action notices after court approval but prior to

dissemination. *See Panora v. Deenora Corp*, 521 F. Supp.3d 177, 180 (E.D.N.Y. 2021). In light

of this past conduct, I find it prudent to recommend that Defendants be sent any and all communications intended for potential opt-in plaintiffs at least three business days in advance of any communications. With that precaution, Defendants will be able to raise any inconsistencies to this Court.

      *f.*  *Defendant's Request to Alter the Language of the Notice Should be Denied.*

Defendant seeks to alter Plaintiff's proposed notice to remove language stating Plaintiff's counsel's "costs and fees will be paid out of any settlement or money judgment Plaintiffs receive against Defendants" and instead replace it with "counsel may petition the Court to set its reasonable attorney's fee[s] and expenses in the Court's discretion. Def. Opp. Br. at 8, ECF No. 20. The proposed opt-in form already includes language substantially the same as what Defendant is seeking here, and so it is not necessary to include an identical statement in the notice as well. *See* Pl. Consent Form, ECF No. 19-3.

**V.**    **Contents of the Notice Should Be Amended in Accordance with the Following:**

      *a.*  *Plaintiff may not Include Defendant's Logo or QR Codes on Notices or Notice Envelopes.*

Plaintiff's request authorization to place Defendants' logo on the notices disseminated to potential opt-in plaintiffs and to use two QR codes which can be scanned in order to initiate contact with Plaintiff's counsel and to electronically submit the Notice of Pendency form. Pl. Br. at 18-19. Defendant does not meaningfully object to either request. Nonetheless, I respectfully recommend that this Court deny the request.

Plaintiff's counsel has previously been sanctioned for failing to seek authorization to include a defendant's logo and QR codes in mailings to potential opt-in plaintiffs. *See Panora v. Deenora Corp*, 521 F. Supp.3d 177, 180 (E.D.N.Y. 2021). Judge Cogan imposed sanctions in *Panora* because using the defendant-employer's logo on the mailing envelope risked giving the

18

impression that the mailing was sent by the defendant-employer. *Id*. Furthermore, the use of a QR code on the mailing envelope allowed recipients to "find themselves virtually in counsel's office without having even opened the mailing in question." *Id*. In doing so, the court found opt-in plaintiffs could be unduly induced into joining the action without fully reviewing the notice materials. *Id*.

Here, Plaintiff's counsel has resolved some of the issues arising in *Panora* by seeking this Court's authorization to include Defendant's logo and QR codes. However, Judge Cogan's reasoning remains true. Plaintiff counsel insinuates in the proposed order that the QR codes may be placed on the notice envelope, although that detail is conspicuously left out of Plaintiff's briefing. *See* Pl. Proposed Order at ¶ 9, ECF No. 19-4. Furthermore, while Plaintiff does not specify where Defendant's logo would be used, the logo does not appear on any of Defendant's proposed documents, leading this Court to believe it would be included on the notice envelope as well. As Judge Cogan previously determined in a similar case, such conduct runs too high a risk of deceiving and unduly inducing opt-in plaintiffs into joining this action. Accordingly, I recommend Plaintiff be forbidden from using Defendant's logo or QR codes in her notices to potential collective members. *See Panora*, 521 F. Supp.3d at 180.

Plaintiff may, however, post the notice on Plaintiff's counsel's website as requested. Defendant objects to this using the same rationale the Court used in *Panora*. *See* Def. Opp. Br. at 7, ECF No. 20. Judge Cogan in *Panora* was concerned with the possibility that scanning a QR code on an envelope could land a potential opt-in plaintiff in counsel's virtual office without ever having opened the letter. 521 F. Supp.3d at 180. As explained above, this concern is alleviated by denying Plaintiff's request to use Defendant's logo and a QR code on the notice envelope. Without these special circumstances, posting notice on counsel's website is common. *See e.g.,*

*Qiang Lu v. Purple Sushi Inc.*, 447 F.Supp.36 89, 97 (S.D.N.Y. 2020). Simply posting the notice on counsel's website merely allows potential opt-in plaintiffs who read the notice and learn that the Troy Law Firm represents Plaintiff to access the notice and opt-in form in an electronic format. I therefore recommend Plaintiff be allowed to post the notice on counsel's website.

> b. *The Proposed Consent to Join Form Should be Returnable to the Clerk of the Court of the Eastern District of New York*

Plaintiffs, in their filing, ask that the consent to join forms be returned to Plaintiffs' counsel. Defendants argue that those forms should be returned to the Clerk of Court, as is the common practice in the Eastern District of New York.

I agree with Defendants that the more common practice in the Eastern District, when a concern is raised by Defendants, is to have consent forms sent to the Clerk of Court as "this procedure avoids potential disputes regarding the timeliness of opt-ins and reinforces that opt-in plaintiffs may seek their own counsel and are not required to retain Plaintiffs' attorneys." *Jiao v. Shang Shang Qian Inc.,* No. 18-CV-5624, 2021 WL 4356043, 2021 U.S. Dist. LEXIS 183438, at *10-11 (E.D.N.Y. Sept. 24, 2021) (collecting cases).

As such, I recommend the Court order Plaintiffs to make changes to the notice and consent to join forms to indicate potential op-in plaintiffs should return opt-in forms to the Clerk of Court. Given the location of the Salon and this Court, I recommend the Court order the consent to join forms returned to the Clerk's Office in the Central Islip Courthouse.

> c. *Defendants' Attorneys' Contact Information Should Not be Included in the Proposed Notice of Lawsuit*

Defendants request that the notice should state that Defendants are represented by Hang & Associates, PLLC. Def. Opp. Br., at 8, ECF No. 20. Plaintiff's object on the grounds that inclusion of Defense counsel's information may lead to confusion amongst opt-in plaintiffs. Pl.

Reply Br. at 7, ECF No. 21. I agree. "Inclusion of defense counsel's contact information is not required to render an FLSA notice fair and is likely to create confusion rendering distribution or collection of consent to join forms less effective." *Arciello v. County of Nassau*, No. 16-CV-3974, 2017 WL 4998074, at *7 (E.D.N.Y. Oct. 30, 2017) (citing *Chhab v. Darden Restaurants, Inc.*, No. 11-CV-8345, 2013 WL 5308004, at *16 (S.D.N.Y. Sept 20, 2013). In light of the risk of confusion, I respectfully recommend Defendants' request to have counsel's firm listed on the notice be denied.

### VI.    Plaintiff's Motion for Pre-Certification Discovery of Class Information is Premature.

Plaintiff also seeks discovery of contact information for a broader potential class of employees for the purposes of determining whether the requirements of FRCP Rule 23 have been satisfied. Pl. Br. at 29, ECF No. 19-12.

> Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978). "Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate" in light of the requirements set out in Rule 23. *Rahman v. Smith & Wollensky Rest. Grp., Inc.*, No. 06–CV–6198 (LAK) (JCF), 2007 WL 1521117, at *3 (S.D.N.Y. May 24, 2007); see also *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir.1982)

*Benavides v. Serenity Spa NY Inc.*, 166 F.Supp.3d 474, 490 (S.D.N.Y. 2016). However, courts have at times "denied such a request, finding it potentially 'cumulative' and thus premature, where a plaintiff has not demonstrated that '[p]laintiffs' ability to demonstrate commonality, predominance and typicality will ... necessarily require obtaining discrete employment information from any individual class members.'" *Id* at 491 (quoting *Gordon v. Kaleida Health*, No. 08–CV–378S, 2012 WL 432885, at *4 (W.D.N.Y. Feb. 9, 2012)).

Where, as is the case here, Plaintiff has failed to show why information relating to Rule 23 certification cannot be obtained through more traditional discovery mechanisms, there is a heightened concern that a plaintiff may be "seeking the list to solicit additional potential opt-ins." *Jenkins v. TJX Companies*, No. 2011 WL 1563677, at *3 (E.D.N.Y. Apr. 25, 2011). That may not ultimately be Plaintiff's motivation in this case, and indeed, more traditional discovery mechanisms may not yield the information Plaintiff seeks. Nevertheless, in light of this concern, and Plaintiff's admission that discovery in this matter has been "extremely limited" to date, I respectfully recommend that Plaintiff's discovery request be denied with leave to renew. *See id*.

## VII.   Plaintiff's Motion for Leave to Amend the Complaint is Purely Hypothetical at this Stage and Therefore Improper.

Lastly, Plaintiff seeks leave to amend the complaint to include NYLL claims that may arise from opt-in plaintiffs joining the FLSA action. Pl. Br. at 30-32, ECF No. 19-12. FRCP Rule 7(b) requires that all motions "state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b)(1). Furthermore, 7(b) requires that, in the case of a motion to amend, that the movant supply a copy of the proposed amendment. *See In re Crude Oil Commodity Litigation*, No. X, 2007 WL 2589482, at *4 (S.D.N.Y. Sept. 8, 2007). The rationale behind this rule is simple; it is unreasonable, and therefore prejudicial, to expect a defendant to prepare an opposition to a hypothetical complaint that does not yet exist. *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 233 F.R.D. 327, 330 (S.D.N.Y. 2005). I therefore find that Plaintiff's motion for leave to amend is improper at this time. The motion should be denied with leave to renew in the event that opt-in plaintiffs do indeed come forward with valid NYLL claims that may be added to the complaint.

## CONCLUSION

For the foregoing reasons, I respectfully recommend that Plaintiffs' Motion for Conditional Certification, to Authorize Notice to the Conditional Collective, and for Equitable Tolling Be GRANTED, in part, and DENIED in part. I further recommend that Plaintiff's motion for Pre-Certification Discovery and Leave to Amend be DENIED with leave to renew.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *Tavarez v. Berryhill*, No. 15-CV-5141 (CS) (LMS), 2019 WL 1965832, at *30 (S.D.N.Y. May 1, 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

**SO ORDERED.**

_/s/_  Steven Tiscione
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
August 25, 2023