# TROY LAW, PLLC
ATTORNEYS / COUNSELORS AT LAW
Tel: (718) 762-1324   troylaw@troypllc.com   Fax: (718) 762-1342
41-25 Kissena Boulevard, Suite 110, Flushing, NY 11355

September 17, 2025

**Via ECF**
Hon. Sanket J. Bulsara, U.S.D.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

> Re:   Consent Motion for Approval of Settlement Agreement
> *Sun v. New G Nails & Spa Inc, et al*, No. 22-cv-05523 (SJB) (ST), (E.D.N.Y.)

Your Honor,

We represent the Plaintiff in the above-referenced matter. We write respectfully, with the consent of counsel for Defendants, and in response to the Court's Order of August 21, 2025, to request fairness approval and enforcement of the settlement of the Plaintiff's claims reached in principle on August 1, 2025 (*see* Dkt. No. 51), and elaborated in the attached settlement agreement. *See* Ex. 1 (settlement agreement).

Please note that while the parties have agreed to the terms of the attached settlement agreement, and Plaintiff has affixed her signature to the attached settlement, purely due to various logistical issues the Defendants require additional time (no more than a couple days) to affix their signatures to the agreement. The parties are presenting their agreement to comply with the Court's Order and to permit the Court to start the fairness review process without any further delay.

## I. Background

Plaintiff Chengxue Sun ("Plaintiff") alleges she was employed by Defendants NEW G NAILS & SPA, INC. d/b/a G Nails & Spa, MINGDA LIU a/k/a Ming Da Liu, and LINGYAN GAO a/k/a Ling Yan Gao ("Defendants"). Plaintiff alleged pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("Labor Law") that she was entitled to unpaid minimum wage and overtime, and was entitled to recover her unpaid wages, liquidated damages, and reasonable attorney fees and costs under the FLSA or the Labor Law, and prejudgment interest under the Labor Law.

## II. The Settlement Is Fair and Reasonable

Going into trial, Plaintiff estimated her total recoverable damages (including liquidated damages, and prejudgment interest through August 1, 2025, but excluding attorney fees and costs) in the amount of $146,977.20. *See* Exhibit 2 (damage computation); *c.f.* Dkt. No. 40-1 (damage computation, with interest computed through December 17, 2024).

Plaintiff's net recovery of $73,731.17 (not including attorney fees or costs) is reasonable. Plaintiff's net recovery represents a 50.17% recovery of her estimated total recoverable damages.

Hon. Joan M. Azrack, U.S.D.J.
September 17, 2025
*Sun v. New G Nails & Spa Inc, et al*, No. 22-cv-05523 (SJB) (ST), (E.D.N.Y.)
Page 2 of 2

Plaintiff's gross recovery of $114,000.00 (including attorney fees and costs) is likewise reasonable. Plaintiff's gross recovery represents 59.19% of the sum of her estimated total recoverable damages, her attorneys' fees, and the costs of this action. Percentage recoveries in this range are reasonable in wage-and-hour settlements. *See*, *e.g.*, *Shavis v. Pay-O-Matic Check Cashing Corp.*, No. 19-cv-00484 (CBA) (LB), 2019 WL 4919782, 2019 U.S. Dist. LEXIS 143911, at *6 (E.D.N.Y. Aug. 22, 2019), *adopted by* 2019 U.S. Dist. LEXIS 172720 (E.D.N.Y. Oct. 3, 2019) (holding net recovery of "approximately sixty-eight percent of the amount plaintiff alleges she is owed in unpaid overtime wages" to be reasonable) (collecting cases where percent recoveries between 29.1% and 50% of plaintiffs' maximum recoveries were found to be reasonable).

  Further, as the Court is aware, the settlement was the result of a contested litigation and arm's-length bargaining between experienced counsel, and the guidance of this Court.

  In this context, we note that the litigation risks faced by the parties are substantial If this settlement agreement does not go through, then the parties would go forward to a full trial on the merits. Afterward, the determination of the case could be the subject of a further appeal. The parties anticipate that further litigation would lead to increased litigation costs, use of judicial resources, and extensive delay of resolution. In light of these factors, including the serious risks posed by further litigation, this settlement agreement is a reasonable compromise over the contested issues and the Court's approval is appropriate. The parties believe for all of the reasons stated in this letter, the factors set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F. 3d 199, 206 (2d Cir. 2015) have been satisfied.

  We thank the Court for its attention to and consideration of this matter.

                 Respectfully submitted,
                  TROY LAW, PLLC

                  */s/ Aaron B. Schweitzer*
                  Aaron B. Schweitzer
                  *Attorney for Plaintiffs*

cc: via ECF
  all counsel of record
  /asb